IN THE MATTER OF THE PETITION OF LEONARD G. BLISS, FOR A
WRIT OF HABEAS CORPUS.

*Referee — he is disqualified by reason of his having already in an action for divorce
found one of the parties guilty of adultery*

Upon the application of the relator for a writ of *habeas corpus* to obtain the
custody of his son, an infant under the age of fourteen years, who had
been committed to the custody of the mother, under articles of separation,
entered into by his parents, the proceedings were sent to a referee, who had
already, in an action for divorce, brought by the husband, the relator, against
his wife, made a report finding the wife guilty of adultery upon a number of
occasions.

*Held*, that it was error to deny a motion made by the wife to change the referee.

APPEAL by Hattie W. Bliss from an order denying a motion to
change the referee named in the order of reference in this proceeding.

*Everett P. Wheeler*, for the appellant Hattie W. Bliss.

*John H. Bergan* and *James Dunne*, for the respondent George
N. Bliss.

DANIELS, J. :

The *habeas corpus* was issued by the relator George N. Bliss who
was the husband of the respondent in the proceeding to obtain the
custody of Leonard G. Bliss, an infant under the age of fourteen
years. He is one of the children of the marriage of the parties,
and by an agreement made for their separation his custody was
committed to the wife who is the present appellant. Before the
proceedings were taken an action was brought against her by her
husband in the Court of Common Pleas for the city and county of
New York, for a divorce because of her alleged adultery. The
issue in this action was referred to the referee whom the appellant
desires to have changed. After the hearing of the issue before him
he made a report in favor of the plaintiff in the action, finding her
from the evidence to have been guilty of adultery upon a number
of different occasions mentioned in the report. Her alleged guilt,
it is expected, will form a material part of the controversy to be
determined by the referee under the order made in these proceedings,
and as he has already, in the action between the husband and wife,

made a decision upon that fact, it is apprehended that he will be biased against her to that extent if the reference now ordered shall proceed before him. How far this subject will be open for reconsideration before the referee in the *habeas corpus* proceeding it is not necessary now to decide, but it must be evident from the decision which has been made in the action in the Court of Common Pleas, that her conduct has already been made the subject of adverse decision by the referee. Probably he would be able to divest himself of all the influence of that decision over his mind, in the hearing and disposition of the present reference, but it is not certain by any means that he could do so. That he would endeavor so to do as a high-minded reputable member of the legal profession, is without doubt, but still, with all his exertions to accomplish that end, the present decision made by him may yet have an important influence over his mind in determining the effect of the evidence which will be submitted under the order in this proceeding. And to that risk the wife claiming the custody of the infant should not be subjected. She should, for the hearing and disposition of the proceeding, have it presented to a person whose mind is entirely free and unaffected by any preceding hearing, bringing in question the effect of the evidence which may again be taken in the course of the present reference. Every party in a court of justice is entitled to have his or her controversy presented to an unbiased, impartial tribunal, for the natural effect of the proof cannot be secured to it in any other manner, and there is certainly danger that such would not be the case if the hearing concerning the custody of this child should still be ordered to proceed before this referee. It is true that the counsel for the wife consented to the reference which has been ordered, understanding that the issue in the action was already before the referee. But that circumstance should not be allowed to have so much effect upon the disposition of the motion as to deprive her of her right to a tribunal in which she will have confidence, and which will not be liable to be biased against her evidence by means of a previous determination. The administration of justice should be entirely fair and thoroughly impartial. That is the great end and object intended to be secured by the laws of the State to every party appearing before a court of justice in the course of legal proceedings. It is not intended to be

intimated that it would be defeated by this reference proceeding before the referee already selected All that is designed to be said is that it may be defeated, and that this party is entitled as a matter of right to a tribunal for the hearing and consideration of the evidence before which she will not be subjected to this risk.

The order from which the appeal has been taken should be reversed, with costs and disbursements to abide the event of the proceeding, and an order should be entered appointing another person as referee in these proceedings, either to be selected and agreed upon by the parties or, in default of such selection, by the court.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements to abide event, and order entered as directed in opinion.